MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
JOSE RODRIGO VARGAS URIBE (A/K/A
RODRIGO), *individually and on behalf of
others similarly situated,*

                                *Plaintiff*,

                -against-

BOULEVARD LATIN CUISINE LLC
(D/B/A BOULEVARD RESTAURANT),
DD7 LLC  (D/B/A BOULEVARD
RESTAURANT), SHOW LAIN CHENG,
JACK CHENG, HOWARD CHENG,
CONSUELO QUINTERO, SHAY DOE,
TOMAS RODRIGUEZ, and LILIANA DOE,

                         *Defendants.*
-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

       Plaintiff Jose Rodrigo Vargas Uribe (a/k/a Rodrigo) ("Plaintiff Vargas" or "Mr. Vargas"),

individually and on behalf of others similarly situated, by and through his attorneys, Michael

Faillace & Associates, P.C., upon his knowledge and belief, and as against Boulevard Latin

Cuisine LLC (d/b/a Boulevard Restaurant), DD7 LLC (d/b/a Boulevard Restaurant), ("Defendant

Corporations"), Show Lain Cheng, Jack Cheng, Howard Cheng, Consuelo Quintero, Shay Doe,

Tomas Rodriguez, and Liliana Doe, ("Individual Defendants"), (collectively, "Defendants"),

alleges as follows:

## NATURE OF ACTION

1.      Plaintiff Vargas is a former employee of Defendants Boulevard Latin Cuisine LLC (d/b/a Boulevard Restaurant), DD7 LLC (d/b/a Boulevard Restaurant), Show Lain Cheng, Jack Cheng, Howard Cheng, Consuelo Quintero, Shay Doe, Tomas Rodriguez, and Liliana Doe.

2.       Defendants own, operate, or control a Colombian restaurant, located at 82-24 Northern Blvd, Jackson Heights, NY 11372 under the name "Boulevard Restaurant."

3.      Upon information and belief, individual Defendants Show Lain Cheng, Jack Cheng, Howard Cheng, Consuelo Quintero, Shay Doe, Tomas Rodriguez, and Liliana Doe, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the restaurant as a joint or unified enterprise.

4.      Plaintiff Vargas was employed as a waiter at the Colombian restaurant located at 82-24 Northern Blvd, Jackson Heights, NY 11372.

5.      At all times relevant to this Complaint, Plaintiff Vargas worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Vargas appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Further, Defendants failed to pay Plaintiff Vargas the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

8.      Furthermore, Defendants repeatedly failed to pay Plaintiff Vargas wages on a timely basis.

9.      In addition, Defendants maintained a policy and practice of unlawfully appropriating

Plaintiff Vargas's and other tipped employees' tips and made unlawful deductions from Plaintiff Vargas's and other tipped employees' wages.

10.     Defendants' conduct extended beyond Plaintiff Vargas to all other similarly situated employees.

11.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Vargas and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

12.     Plaintiff Vargas now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

13.     Plaintiff Vargas seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Vargas's state law claims under 28 U.S.C. § 1367(a).

15.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Colombian restaurant located in this district. Further, Plaintiff Vargas was employed by Defendants in this district.

## PARTIES

*Plaintiff*

16.     Plaintiff Jose Rodrigo Vargas Uribe ("Plaintiff Vargas" or "Mr. Vargas") is an adult individual residing in Queens County, New York.

17.     Plaintiff Vargas was employed by Defendants at Boulevard Restaurant from approximately February 8, 1999 until on or about April 8, 2018.

18.     Plaintiff Vargas consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

19.     At all relevant times, Defendants owned, operated, or controlled a Colombian restaurant, located at 82-24 Northern Blvd, Jackson Heights, NY 11372 under the name "Boulevard Restaurant."

20.     Upon information and belief, Boulevard Latin Cuisine LLC (d/b/a Boulevard Restaurant) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 82-24 Northern Blvd, Jackson Heights, NY 11372.

21.     Upon information and belief, DD7 LLC (d/b/a Boulevard Restaurant) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 82-24 Northern Blvd, Jackson Heights, NY 11372.

22.     Defendant Show Lain Cheng is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Show Lain Cheng is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Show Lain Cheng possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Vargas, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

23.     Defendant Jack Cheng is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jack Cheng is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Jack Cheng possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Vargas, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

24.     Defendant Howard Cheng is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Howard Cheng is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant

Howard Cheng possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Vargas, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

25.     Defendant Consuelo Quintero is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Consuelo Quintero is sued individually in her capacity as owner, officer and/or agent of Defendant Corporations. Defendant Consuelo Quintero possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiff Vargas, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

26.     Defendant Shay Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Shay Doe is sued individually in her capacity as owner, officer and/or agent of Defendant Corporations. Defendant Shay Doe possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiff Vargas, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

27.     Defendant Tomas Rodriguez is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Tomas Rodriguez is sued individually in his capacity as a manager of Defendant Corporations. Defendant Tomas Rodriguez

possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Vargas, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

28.     Defendant Liliana Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Liliana Doe is sued individually in her capacity as a manager of Defendant Corporations. Defendant Liliana Doe possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiff Vargas, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

29.     Defendants operate a Colombian restaurant located in the Jackson Heights section of Queens in New York City.

30.     Individual Defendants, Show Lain Cheng, Jack Cheng, Howard Cheng, Consuelo Quintero, Shay Doe, Tomas Rodriguez, and Liliana Doe, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, or control significant functions of Defendant Corporations.

31.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

32.     Each Defendant possessed substantial control over Plaintiff Vargas's (and other similarly situated employees') working conditions, and over the policies and practices with respect

to the employment and compensation of Plaintiff Vargas, and all similarly situated individuals, referred to herein.

33.    Defendants jointly employed Plaintiff Vargas (and all similarly situated employees) and are Plaintiff Vargas's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

34.    In the alternative, Defendants constitute a single employer of Plaintiff Vargas and/or similarly situated individuals.

35.    Upon information and belief, Individual Defendants Show Lain Cheng, Jack Cheng, Howard Cheng, Consuelo Quintero, and Shay Doe operate Defendant Corporations as either alter egos of themselves and/or failed to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

    a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

    b)  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c)  transferring assets and debts freely as between all Defendants,

    d)  operating Defendant Corporations for their own benefit as the sole or majority shareholders,

    e)  operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

    f)  intermingling assets and debts of their own with Defendant Corporations,

g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

36. At all relevant times, Defendants were Plaintiff Vargas's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Vargas, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Vargas's services.

37. In each year from 2012 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

38. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

39. Plaintiff Vargas is a former employee of Defendants who was employed as a waiter .Plaintiff Vargas seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Jose Rodrigo Vargas Uribe (a/k/a Rodrigo)*

40. Plaintiff Vargas was employed by Defendants from approximately February 8, 1999 until on or about April 8, 2018.

41. Defendants ostensibly employed Plaintiff Vargas as a waiter.

42. Plaintiff Vargas regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

43.     Plaintiff Vargas's work duties required neither discretion nor independent judgment.

44.     Throughout his employment with Defendants, Plaintiff Vargas regularly worked in excess of 40 hours per week.

45.     From approximately September 2012 until on or about December 2012, Plaintiff Vargas's schedule varied but he worked an average of approximately 62 hours per week.

46.     From approximately January 2013 until on or about December 2013, Plaintiff Vargas's schedule varied but he worked an average of approximately 65 hours per week.

47.     From approximately January 2014 until on or about December 2015, Plaintiff Vargas's schedule varied every week but he worked an average of approximately 72 hours per week.

48.     From approximately January 2016 until on or about December 2016, Plaintiff Vargas's schedule varied every week but he worked an average of approximately 64 hours per week.

49.     From approximately January 2017 until on or about December 2017, Plaintiff Vargas's schedule varied every week but he worked an average of approximately 64 hours per week.

50.     From approximately January 2018 until on or about April 2018, Plaintiff Vargas's schedule varied every week but he worked an average of approximately 40 hours per week.

51.     Throughout his employment, Defendants paid Plaintiff Vargas his wages by check.

52.     From approximately September 2012 until on or about December 2015, Defendants paid Plaintiff Vargas $5.00 per hour.

53.     From approximately January 2016 until on or about December 2017, Defendants paid Plaintiff Vargas $7.50 per hour.

54.     From approximately January 2018 until on or about April 2018, Defendants paid Plaintiff Vargas $8.65 per hour.

55.     From approximately January 2018 until on or about April 2018, Defendants withheld all of the tips that customers gave for Plaintiff Vargas.

56.     Defendants utilized a time tracking device but it did not accurately reflect the actual hours worked by Plaintiff Vargas.

57.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Vargas regarding overtime and wages under the FLSA and NYLL.

58.     Defendants did not provide Plaintiff Vargas an accurate statement of wages, as required by NYLL 195(3).

59.     Defendants did not give any notice to Plaintiff Vargas, in English and in Spanish (Plaintiff Vargas's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

60.     Defendants required Plaintiff Vargas to purchase "tools of the trade" with his own funds—including shirts, pants, and non-slip shoes.

*Defendants' General Employment Practices*

61.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Vargas (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

62.     Plaintiff Vargas was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

63.     As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Vargas who received tips, by engaging in a pattern, practice, and/or

policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving Plaintiff Vargas of all of the tips earned during the course of his employment.

64.     Defendants unlawfully misappropriated charges purported to be gratuities received by Plaintiff Vargas and other tipped employees, in violation of New York Labor Law § 196-d (2007).

65.     Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive or forgo the tip credit and pay them the full hourly minimum wage.

66.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

67.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Vargas (and similarly situated individuals) worked, and to avoid paying Plaintiff Vargas properly for his full hours worked.

68.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

69.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Vargas and other similarly situated former workers.

70.     Defendants failed to provide Plaintiff Vargas and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum

wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

71.     Defendants failed to provide Plaintiff Vargas and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

72.      Plaintiff Vargas brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

73.     At all relevant times, Plaintiff Vargas and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

74.     The claims of Plaintiff Vargas stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

75.     Plaintiff Vargas repeats and realleges all paragraphs above as though fully set forth herein.

76.     At all times relevant to this action, Defendants were Plaintiff Vargas's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Vargas (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

77.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

78.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

79.     Defendants failed to pay Plaintiff Vargas (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

80.     Defendants' failure to pay Plaintiff Vargas (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

81.     Plaintiff Vargas (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

82.     Plaintiff Vargas repeats and realleges all paragraphs above as though fully set forth herein.

83.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Vargas (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

84.     Defendants' failure to pay Plaintiff Vargas (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

85.     Plaintiff Vargas (and the FLSA Class members)were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

86.     Plaintiff Vargas repeats and realleges all paragraphs above as though fully set forth herein.

87.     At all times relevant to this action, Defendants were Plaintiff Vargas's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Vargas, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

88.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Vargas less than the minimum wage.

89.     Defendants' failure to pay Plaintiff Vargas the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

90.     Plaintiff Vargas was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

91.     Plaintiff Vargas repeats and realleges all paragraphs above as though fully set forth herein.

92.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Vargas  overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

93.     Defendants' failure to pay Plaintiff Vargas overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

94.     Plaintiff Vargas was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

95.     Plaintiff Vargas repeats and realleges all paragraphs above as though fully set forth herein.

96.     Defendants failed to pay Plaintiff Vargas one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Vargas's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

97.     Defendants' failure to pay Plaintiff Vargas an additional hour's pay for each day Plaintiff Vargas's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

98.     Plaintiff Vargas was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

99.      Plaintiff Vargas repeats and realleges all paragraphs above as though fully set forth herein.

100.     Defendants failed to provide Plaintiff Vargas with a written notice, in English and in Spanish (Plaintiff Vargas's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

101.     Defendants are liable to Plaintiff Vargas in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

102.     Plaintiff Vargas repeats and realleges all paragraphs above as though fully set forth herein.

103.     With each payment of wages, Defendants failed to provide Plaintiff Vargas with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

104.     Defendants are liable to Plaintiff Vargas in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

105.     Plaintiff Vargas repeats and realleges all paragraphs above as though fully set forth herein.

106.     Defendants required Plaintiff Vargas to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

107.     Plaintiff Vargas was damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION

### OF THE NEW YORK LABOR LAW

108.     Plaintiff Vargas repeats and realleges all paragraphs above as though fully set forth herein.

109.     At all relevant times, Defendants were Plaintiff Vargas's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

110.     New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

111.     Defendants unlawfully misappropriated a portion of Plaintiff Vargas's tips that were received from customers.

112.     Defendants knowingly and intentionally retained a portion of Plaintiff Vargas's tips in violations of the NYLL and supporting Department of Labor Regulations.

113.     Plaintiff Vargas was damaged in an amount to be determined at trial.


## TENTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

114.     Plaintiff Vargas repeats and realleges all paragraphs above as though set forth fully herein.

115.     Defendants did not pay Plaintiff Vargas on a regular weekly basis, in violation of NYLL §191.

116.     Defendants are liable to Plaintiff Vargas in an amount to be determined at trial.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff Vargas respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Vargas and the FLSA Class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Vargas and the FLSA Class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Vargas's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Vargas and the FLSA Class members;

(f)    Awarding Plaintiff Vargas and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)    Awarding Plaintiff Vargas and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the

FLSA as applicable pursuant to 29 U.S.C. § 216(b);

     (h)    Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Vargas;

     (i)    Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Vargas;

     (j)    Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Vargas;

     (k)    Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Vargas;

     (l)    Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Vargas's compensation, hours, wages and any deductions or credits taken against wages;

     (m)    Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Vargas;

     (n)    Awarding Plaintiff Vargas damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

     (o)    Awarding Plaintiff Vargas damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

     (p)    Awarding Plaintiff Vargas liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)     Awarding Plaintiff Vargas and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(r)     Awarding Plaintiff Vargas and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(s)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

 Plaintiff Vargas demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

September 26, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:  _____/s/ Michael Faillace_____
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*