UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOSE RODRIGO VARGAS URIBE (A/K/A
RODRIGO) *individually and on behalf of others
similarly situated,*

*Plaintiff,*

v.

BOULEVARD LATIN CUISINE LLC (D/B/A
BOULEVARD RESTAURANT), DD7 LLC (D/B/A
BOULEVARD RESTAURANT), SHOW LAIN
CHENG, JACK CHENG, HOWARD CHENG,
CONSUELO QUINTERO, SHAY DOE, TOMAS
RODRIGUEZ, and LILIANA DOE,

*Defendants.*

**ANSWER AND
AFFIRMATIVE DEFENSES**

1:18-cv-05434-ENV-RLM

Defendants BOULEVARD LATIN CUISINE LLC (d/b/a BOULEVARD

RESTAURANT), SHOW LAIN CHENG, JACK CHENG and HOWARD CHENG (collectively

hereinafter "Defendants") by way of Answer to the Complaint, state as follows:

**"AS TO NATURE OF ACTION"**

1.      Defendants deny the allegations asserted in Paragraph 1 of the Complaint and leave

Plaintiff to his proofs.

2.      Defendants admit that BOULEVARD LATIN CUISINE LLC (d/b/a BOULEVARD

RESTAURANT) is located at 82-24 Northern Blvd, Jackson Heights, NY 11372. Defendants

deny the remaining allegations asserted in Paragraph 2 of the Complaint, and leave Plaintiff to

his proofs.

3.      Defendants deny the allegations asserted in Paragraph 3 of the Complaint and leave

Plaintiff to his proofs.

1

4.      Defendants deny the allegations asserted in Paragraph 4 of the Complaint and leave Plaintiff to his proofs.

5.      Defendants deny the allegations asserted in Paragraph 5 of the Complaint and leave Plaintiff to his proofs.

6.      Defendants deny the allegations asserted in Paragraph 6 of the Complaint and leave Plaintiff to his proofs.

7.      Defendants deny the allegations asserted in Paragraph 7 of the Complaint and leave Plaintiff to his proofs

8.      Defendants deny the allegations asserted in Paragraph 8 of the Complaint and leave Plaintiff to his proofs.

9.      Defendants deny the allegations asserted in Paragraph 9 of the Complaint and leave Plaintiff to his proofs.

10.     Defendants deny the allegations asserted in Paragraph 10 of the Complaint and leave Plaintiff to his proofs.

11.     Paragraph 11 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 11 of the Complaint.

12.     Paragraph 12 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 12 of the Complaint.

13.     Paragraph 13 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 13 of the Complaint.

"<u>**AS TO JURISDICTION AND VENUE**</u>"

14.     Paragraph 14 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 14 of the Complaint.

15.     Paragraph 15 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 15 of the Complaint.

"<u>**AS TO PARTIES**</u>"

*Plaintiff*

16.     Defendants deny knowledge and/or information sufficient to form a belief that Plaintiff Jose Rodrigo Vargas Uribe ("Plaintiff Vargas" or "Mr. Vargas") is and/or was an individual residing in Brooklyn, New York.

17.     Defendants deny the allegations asserted in Paragraph 17 of the Complaint and leave Plaintiff to his proofs.

18.     Paragraph 18 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 18 of the Complaint.

*Defendants*

19.     Defendants admit that Boulevard Latin Cuisine LLC (d/b/a Boulevard Restaurant) is located at 82-24 Northern Blvd., Jackson Heights, NY 11372. Defendants deny the remaining allegations asserted in Paragraph 19 of the Complaint, and leave Plaintiff to his proofs.

20.     Defendants admit that Boulevard Latin Cuisine LLC (d/b/a Boulevard Restaurant) is a New York Corporation located at 82-24 Northern Blvd., Jackson Heights, NY 11372.

3

21.     Defendants deny knowledge and/or information sufficient to form a belief that DD7 LLC (d/b/a Boulevard Restaurant) is a domestic corporation organized and existing under the laws of the State of New York and/or is located at 82-24 Northern Blvd, Jackson Heights, NY 11372.

22.     Defendants admit that defendant Show Lain Cheng is affiliated with the Corporate Defendants. Defendants deny the remaining allegations asserted in Paragraph 22 of the Complaint, and leave Plaintiff to his proofs.

23.     Defendants deny the allegations asserted in Paragraph 23 of the Complaint and leave Plaintiff to his proofs.

24.     Defendants deny the allegations asserted in Paragraph 24 of the Complaint and leave Plaintiff to his proofs.

25.     Defendants deny the allegations asserted in Paragraph 25 of the Complaint and leave Plaintiff to his proofs.

26.     Defendants deny the allegations asserted in Paragraph 26 of the Complaint and leave Plaintiff to his proofs.

27.     Defendants deny the allegations asserted in Paragraph 27 of the Complaint and leave Plaintiff to his proofs.

28.     Defendants deny the allegations asserted in Paragraph 28 of the Complaint and leave Plaintiff to his proofs.

## "AS TO FACTUAL ALLEGATIONS"

*Defendants Constitute Joint Employers*

29.     Defendants admit that Boulevard Latin Cuisine LLC (d/b/a Boulevard Restaurant) is located at 82-24 Northern Blvd., Jackson Heights, NY 11372. Defendants deny the remaining allegations asserted in Paragraph 29 of the Complaint, and leave Plaintiff to his proofs.

30.     Defendants deny the allegations asserted in Paragraph 30 of the Complaint and leave Plaintiff to his proofs.

31.     Paragraph 31 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 31 of the Complaint.

32.     Defendants deny the allegations asserted in Paragraph 32 of the Complaint and leave Plaintiff to his proofs.

33.     Paragraph 33 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 33 of the Complaint.

34.     Paragraph 34 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 34 of the Complaint.

35.     Defendants deny the allegations asserted in Paragraph 35 of the Complaint and leave Plaintiff to his proofs.

36.     Paragraph 36 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 36 of the Complaint.

37.     Defendants deny the allegations asserted in Paragraph 37 of the Complaint and leave Plaintiff to his proofs.

38.     Defendants deny the allegations asserted in Paragraph 38 of the Complaint and leave Plaintiff to his proofs.

*Individual Plaintiff*

39.     Paragraph 39 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 39 of the Complaint.

*Plaintiff Jose Rodrigo Vargas Uribe (a/k/a Rodrigo)*

40.     Defendants deny the allegations asserted in Paragraph 40 of the Complaint and leave Plaintiff to his proofs.

41.     Defendants deny the allegations asserted in Paragraph 41 of the Complaint and leave Plaintiff to his proofs.

42.     Defendants deny the allegations asserted in Paragraph 42 of the Complaint and leave Plaintiff to his proofs.

43.     Defendants deny the allegations asserted in Paragraph 43 of the Complaint and leave Plaintiff to his proofs.

44.     Defendants deny the allegations asserted in Paragraph 44 of the Complaint and leave Plaintiff to his proofs.

45.     Defendants deny the allegations asserted in Paragraph 45 of the Complaint and leave Plaintiff to his proofs.

46.     Defendants deny the allegations asserted in Paragraph 46 of the Complaint and leave Plaintiff to his proofs.

47.     Defendants deny the allegations asserted in Paragraph 47 of the Complaint and leave Plaintiff to his proofs.

48.     Defendants deny the allegations asserted in Paragraph 48 of the Complaint and leave Plaintiff to his proofs.

49.     Defendants deny the allegations asserted in Paragraph 49 of the Complaint and leave Plaintiff to his proofs.

50.     Defendants deny the allegations asserted in Paragraph 50 of the Complaint and leave Plaintiff to his proofs.

51.     Defendants deny the allegations asserted in Paragraph 51 of the Complaint and leave Plaintiff to his proofs.

52.     Defendants deny the allegations asserted in Paragraph 52 of the Complaint and leave Plaintiff to his proofs.

53.     Defendants deny the allegations asserted in Paragraph 53 of the Complaint and leave Plaintiff to his proofs.

54.     Defendants deny the allegations asserted in Paragraph 54 of the Complaint and leave Plaintiff to his proofs.

55.     Defendants deny the allegations asserted in Paragraph 55 of the Complaint and leave Plaintiff to his proofs.

56.     Defendants deny the allegations asserted in Paragraph 56 of the Complaint and leave Plaintiff to his proofs.

57.     Paragraph 57 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 57 of the Complaint.

58.     Paragraph 58 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 58 of the Complaint.

59.     Paragraph 59 of the Complaint asserts legal conclusions to which no answer is required.

To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 59 of the Complaint.

60.    Defendants deny the allegations asserted in Paragraph 60 of the Complaint and leave Plaintiff to his proofs.

*Defendants' General Employment Practices*

61.    Defendants deny the allegations asserted in Paragraph 61 of the Complaint and leave Plaintiff to his proofs.

62.    Paragraph 62 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 62 of the Complaint.

63.    Paragraph 63 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 63 of the Complaint.

64.    Paragraph 64 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 64 of the Complaint.

65.    Paragraph 65 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 65 of the Complaint.

66.    Paragraph 66 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 66 of the Complaint.

67.    Paragraph 67 of the Complaint asserts legal conclusions to which no answer is required.

To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 67 of the Complaint.

68.     Paragraph 68 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 68 of the Complaint.

69.     Paragraph 69 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 69 of the Complaint.

70.     Paragraph 70 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 70 of the Complaint.

71.     Paragraph 71 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 71 of the Complaint.

"<strong><u>AS TO FLSA COLLECTIVE ACTION CLAIMS</u></strong>"

72.     Paragraph 72 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 72 of the Complaint.

73.     Paragraph 73 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 73 of the Complaint.

74.     Defendants deny the allegations asserted in Paragraph 74 of the Complaint and leave Plaintiff to his proofs.

## "AS TO FIRST CAUSE OF ACTION"
## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

75.     Defendants repeat and re-allege each of the above paragraphs as if set forth at length herein.

76.     Paragraph 76 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 76 of the Complaint.

77.     Defendants deny the allegations asserted in Paragraph 77 of the Complaint and leave Plaintiff to his proofs.

78.     Paragraph 78 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 78 of the Complaint.

79.     Paragraph 79 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 79 of the Complaint.

80.     Paragraph 80 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 80 of the Complaint.

81.     Paragraph 81 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 81 of the Complaint.

## "AS TO SECOND CAUSE OF ACTION"
### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

82.     Defendants repeat and re-allege each of the above paragraphs as if set forth at length herein.

83.     Paragraph 83 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 83 of the Complaint.

84.     Paragraph 84 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 84 of the Complaint.

85.     Paragraph 85 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 85 of the Complaint.

## "AS TO THIRD CAUSE OF ACTION"
### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

86.     Defendants repeat and re-allege each of the above paragraphs as if set forth at length herein.

87.     Paragraph 87 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 87 of the Complaint.

88.     Paragraph 88 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 88 of the Complaint.

89.     Paragraph 89 of the Complaint asserts legal conclusions to which no answer is required.

To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 89 of the Complaint.

90.     Paragraph 90 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 90 of the Complaint.

## "AS TO FOURTH CAUSE OF ACTION"
## VIOLATION OF THE OVERTIME PROVISIONS
## OF THE NEW YORK STATE LABOR LAW

91.     Defendants repeat and re-allege each of the above paragraphs as if set forth at length herein.

92.     Paragraph 92 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 92 of the Complaint.

93.     Paragraph 93 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 93 of the Complaint.

94.     Paragraph 94 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 94 of the Complaint.

## "AS TO FIFTH CAUSE OF ACTION"
## VIOLATION OF THE SPREAD OF THE HOURS WAGE ORDER
## OF THE NEW YORK COMMISSIONER OF LABOR

95.     Defendants repeat and re-allege each of the above paragraphs as if set forth at length herein.

96.     Paragraph 96 of the Complaint asserts legal conclusions to which no answer is required.

To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 96 of the Complaint.

97.    Paragraph 97 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 97 of the Complaint.

98.    Paragraph 98 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 98 of the Complaint.

## "AS TO SIXTH CAUSE OF ACTION"
### VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIRMENTS OF THE NEW YORK LABOR LAW

99.    Defendants repeat and re-allege each of the above paragraphs as if set forth at length herein.

100.    Paragraph 100 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 100 of the Complaint.

101.    Paragraph 101 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 101 of the Complaint.

## "AS TO SEVENTH CAUSE OF ACTION"
### VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

102.    Defendants repeat and re-allege each of the above paragraphs as if set forth at length herein.

103.    Paragraph 103 of the Complaint asserts legal conclusions to which no answer is required.

To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 103 of the Complaint.

104.    Paragraph 104 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 104 of the Complaint.

**"<u>AS TO EIGHTH CAUSE OF ACTION</u>"**
**RECOVERY OF EQUIPMENT COSTS**

105.    Defendants repeat and re-allege each of the above paragraphs as if set forth at length herein.

106.    Paragraph 106 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 106 of the Complaint.

107.    Paragraph 107 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 107 of the Complaint.

**"<u>AS TO NINTH CAUSE OF ACTION</u>"**
**UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION**
**OF THE NEW YORK LABOR LAW**

108.    Defendants repeat and re-allege each of the above paragraphs as if set forth at length herein.

109.    Paragraph 109 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 109 of the Complaint.

110.    Paragraph 110 of the Complaint asserts legal conclusions to which no answer is required.

14

To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 110 of the Complaint.

111.    Paragraph 111 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 111 of the Complaint.

112.    Paragraph 112 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 112 of the Complaint.

113.    Paragraph 113 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 113 of the Complaint.

### "AS TO TENTH CAUSE OF ACTION"
### VIOLATION OF THE TIMELY PAYMENT PROVISIONS
### OF THE NEW YORK LABOR LAW

114.    Defendants repeat and re-allege each of the above paragraphs as if set forth at length herein.

115.    Paragraph 115 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 115 of the Complaint.

116.    Paragraph 116 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 116 of the Complaint.

### "AS TO PRAYER FOR RELIEF"

Defendants deny the allegations asserting prayer for relief, and its subparagraphs, and

aver that Plaintiff is not entitled to any of the relief requested therein or any other relief.

## AFFIRMATIVE DEFENSES

Defendants assert the following allegations as affirmative defenses without admitting that it bears the burden of persuasion or presentation of evidence on each or any of these matters.

## FIRST AFFIRMATIVE DEFENSE

1.      The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2.      At no time material hereto did any of the Defendants act in a willful, wanton, reckless, and or malicious manner or with reckless disregard of the applicable laws.

## THIRD AFFIRMATIVE DEFENSE

3.      Plaintiff is not entitled to any of the relief requested in the Complaint and Defendants acted in good faith at all times.

## FOURTH AFFIRMATIVE DEFENSE

4.      Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, are barred, in whole or in part, by the doctrines of laches, delay, waiver, estoppel, acquiescence, and or excuse.

## FIFTH AFFIRMATIVE DEFENSE

5.      Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, are barred, in whole or in part, by misconduct on each Plaintiff's part and/or unsatisfactory job performance.

## SIXTH AFFIRMATIVE DEFENSE

6.      Plaintiff's claims, and the claims of each putative member of the purported class defined

in the Complaint as others similarly situated, are barred, in whole or in part, by the failure to utilize internal procedures to seek redress of any complaints.

## SEVENTH AFFIRMATIVE DEFENSE

7.     Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, are barred, in whole or in part, by the failure to mitigate damages, if any.

## EIGHTH AFFIRMATIVE DEFENSE

8.     Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, are barred, in whole or in part, by the doctrine of unclean hands, estoppel, accord and satisfaction, offset and/or setoff.

## NINTH AFFIRMATIVE DEFENSE

9.     Defendants are not "employers" under the FLSA, or the NJWPL.

## TENTH AFFIRMATIVE DEFENSE

10.     The Complaint is barred, in whole or in part, by misconduct on Plaintiff's part and/or unsatisfactory job performance.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     The Complaint is barred, in whole or in part, based upon Plaintiff's fraudulent conduct concerning the alleged hours worked.

## TWELFTH AFFIRMATIVE DEFENSE

12.     Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, are barred, in whole or in part, by the applicable statute of limitations, including but not limited to, the Portal-to-Portal Pay Act, 29 U.S.C. Section 255, and New York Labor Law Section 663.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, fail to set forth allegations with particularity and specificity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     Plaintiff's damages, and the alleged damages of each putative member of the purported class defined in the Complaint as others similarly situated, if any, were caused by their own actions and/or omissions.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.     Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, are barred as they have ratified the activities of the Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.     Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, fails to state a claim upon which compensatory, punitive or liquidated damages may be granted.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.     Any act(s) and/or omission(s) which may be found to be in violation of the rights afforded by the applicable law(s) asserted herein were not willful, but occurred in good faith and were based upon reasonable factors.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.     An award of liquidated damages would be an unconstitutional denial of Defendants' rights to due process and/or equal protection under the Fifth and Fourteenth Amendments to the

United States Constitution.

## NINETEENTH AFFIRMATIVE DEFENSE

19.     Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, are barred in whole or in part because the work alleged to be unpaid is not compensable time under the applicable laws, including because it was preliminary, postliminary and/or *de minimis*.

## TWENTIETH AFFIRMATIVE DEFENSE

20.     Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, are barred because the work alleged to be unpaid is invalid.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, are barred as Plaintiff's claims fail to satisfy class and or collective action criteria, and therefore cannot proceed as a class or collective action.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, are barred because the Complaint is uncertain in that the purported class definition is ambiguous and conclusory.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.     The types of claims alleged by Plaintiff on behalf of himself, and on behalf of the purported class defined in the Complaint as others similarly situated, the existence of which is expressly denied, are matters in which individual questions predominate and, accordingly, are not appropriate for collective or class action treatment.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.     If Defendants' alleged failure to pay Plaintiff, and of each putative member of the class she purports to represent, as defined in the Complaint as others similarly situated, overtime wages was unlawful, although such is not admitted, Defendants have a good faith and reasonable belief that the failure to pay such wages was not unlawful and none of Defendants' actions or omissions constitute a willful violation of the FLSA or NYLL.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.     If Defendants' alleged failure to pay Plaintiff, and each putative member of the class they purport to represent, as defined in the Complaint as others similarly situated, overtime wages was unlawful, although such is not admitted, Plaintiff has not demonstrated and cannot demonstrate facts sufficient to warrant an award of liquidated damages.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.     Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated are barred, in whole or in part, by the doctrines of accord and satisfaction and payment.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.     Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated are barred, in whole or in part, by their knowing and voluntary, express or implied, agreement to and participation in the compensation agreement(s), arrangement(s), plan(s), and/or scheme(s), which he now claims is illegal.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.     Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated are barred, in whole or in part, because such claims

have been released, waived, discharged, and/or abandoned.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

29.     The Complaint fails to the extent it asserts an action on behalf of others similarly situated because Plaintiff is not an adequate representative of the purported class.

## THIRTIETH AFFIRMATIVE DEFENSE

30.     The Complaint fails to the extent it asserts a class type action because the claims alleged by Plaintiff are neither common to nor typical of those of the class he purports to represent, as defined in the Complaint as others similarly situated.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

31.     Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, are barred, in whole or in part, because Plaintiff failed to satisfy the prerequisites for class certification or collective action and, therefore, lacks standing to bring these claims and cannot represent the interests of others as to each of the purported causes of action.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

32.     Defendants acted in good faith at all times and without fraud or malice toward Plaintiff and each putative member of the class he purports to represent.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

33.     Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, are barred, as upon information and belief, Plaintiff is exempt under the FLSA and applicable New York State Wage and Hour laws.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

34.     Defendants, to the extent discovery may reveal, reserve the right to assert cross claims

against other named defendants in this matter.

## ADDITIONAL DEFENSES

35.     Defendants reserve the right to raise any additional defenses as may be found to be merited during the course of discovery in, or trial of, this action, including without limitation any equitable defenses.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants, demand a trial by jury on all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

The Court is hereby advised that Michael K. Chong, Esq., is hereby designated as trial counsel on behalf of Defendants.

**WHEREFORE,** Defendants respectfully request that this Court enter judgment in their favor, dismiss the Complaint with prejudice, award Defendants their costs, attorney's fees and expenses, and grant such other relief as this Court deems proper and just.


Dated: December 15, 2018                      Respectfully submitted,

                                              By: _Michael K. Chong_
                                              Michael K. Chong, Esq.
                                              *Attorney for Defendants*

                                              2 Executive Drive, Ste. 720
                                              Fort Lee, NJ 07024
                                              Ph#: (201) 947-5200
                                              Fx#: (201) 708-6676

                                              300 Hudson Street, Ste. 10
                                              Hoboken, NJ 07030
                                              Ph#: (201) 203-7476
                                              Fx#: (201) 708-6676

22

1250 Broadway, 36th Floor, Ste. 300
New York, NY 10010
Ph#: (212) 726-1104
Fx#: (212) 726-3104
MKC@mkclawgroup.com